IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EMORY L. SPAINHOUR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-1056-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Emory L. Spainhour, Jr., seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on September 24, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

> Commissioner's decision as well as evidence that supports it. As long as
> substantial evidence in the record supports the Commissioner's decision, we may
> not reverse it because substantial evidence exists in the record that would have
> supported a contrary outcome or because we would have decided the case
> differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Background**

Plaintiff is a 52-year-old man with a GED and past relevant work as a truck and delivery driver. Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits on June 3, 2009, claiming he became disabled on December 3, 2008. Plaintiff alleges disability due to left shoulder injury, head injury, blackouts, hypertension, fatigue, headaches, concentration problems, depression, and back and knee pain. In his disability report, plaintiff alleged he was unable to work because of constant pain in his left shoulder and chest, blackouts, inability to sleep and depression.

The Administrative Law Judge (ALJ) found that plaintiff had a severe impairment of undiagnosed blackouts, but that this impairment and the combination of plaintiff's severe and nonsevere impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that plaintiff is capable of performing

2

his past relevant work as a truck driver, and was not disabled as defined by the Social Security Act.

Plaintiff argues the ALJ erred in (1) failing to find plaintiff's depressive disorder and left shoulder pain to be severe impairments; (2) in determining plaintiff is capable of performing work at all exertional levels; and (3) in discrediting plaintiff's credibility.

The Commissioner argues the ALJ properly found plaintiff's depression and shoulder injury to be nonsevere. The ALJ cites to the lack of treatment for either of these impairments during the entire alleged period of disability, and failure to establish that these impairments limited his functional capabilities in any significant way. The Commissioner further argues the ALJ's credibility assessment was not improper because the ALJ properly noted inconsistencies and exaggerations in the representations made by plaintiff at the hearing. The Commissioner argues that based on the evidence in the record, the ALJ properly determined plaintiff's RFC and plaintiff's capability of doing his past relevant work. The Commissioner argues there is substantial evidence in the record to support the ALJ's decision.

## Discussion

Severe Impairment(s)

A review of the record shows there is substantial evidence in the record to support the ALJ's decision that plaintiff's shoulder injury and depression were not severe impairments. An impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). An impairment is not severe when it amounts only to a slight abnormality which would have no more than a minimal effect on an individual's ability to work. Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). The claimant bears the burden at Step 2 of establishing that an impairment is severe. Id. at 707-08. "Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard," and the Eighth Circuit has upheld on numerous occasions the Commissioner's finding that a claimant failed to make the necessary showing. Id. at 708 (citations omitted).[2] Here, the ALJ properly

---

[2] Basic work activities are the "abilities and aptitudes necessary to do most jobs," including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling, as well as capacities for seeing, hearing, speaking, understanding and carrying out simple instructions, using judgment, responding appropriately to supervision,

3

cited to medical evidence and evidence in the record as a whole to support her decision that plaintiff's shoulder pain and depression were not severe impairments.

Moreover, the Court finds that even if the ALJ erred in not finding plaintiff's shoulder injury and depression to be severe impairments at step 2, such error was harmless because the ALJ clearly considered all of plaintiff's limitations severe and nonsevere in determining plaintiff's RFC. Thus, any error, with regard to which of these impairments are severe and not severe, is harmless because the ALJ considered all of plaintiff's severe and not severe impairments in determining his work limitations. The resulting RFC determination by the ALJ would not be different even if the ALJ found plaintiff's shoulder pain and depression to be severe. See Dewey v. Astrue, 509 F.3d 447, 449-50 (8th Cir. 2007) (harmless error if the court can say the ALJ would inevitably have reached the same result had the ALJ not made the error).

Credibility

Credibility findings are for the ALJ to make so long as such findings are adequately explained and supported. Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Here, the ALJ gave explanation and support for her finding that plaintiff's complaints and corresponding limitations were not fully credible. Specifically, the ALJ properly cited to inconsistencies between plaintiff's allegations of disabling pain and plaintiff's medical records, work record, and daily activities. Accordingly, the ALJ's credibility determination should be affirmed. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (credibility determination to be affirmed where ALJ articulated inconsistencies supported in the record that undermined claimant's subjective complaints). See also Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003) (credibility questions concerning claimant's subjective complaints are primarily for the ALJ to decide, and not the reviewing court).

Ability to do past relevant work and/or other jobs

The ALJ's finding that plaintiff could perform his past relevant work and other jobs that exist in significant numbers in the national economy is supported by substantial evidence in the

---

coworkers and usual work situations, and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b).

4

record.  At step four, the ALJ properly made an explicit finding regarding the actual physical and mental demands of a claimant's past relevant work and then compared the actual demands of past work with the claimant's RFC.  See 20 C.F.R. §§ 416.920(e)-(f) and 416.960(b); Jones v Chater, 86 F.3d 823, 826 (8th Cir. 1996).  Based on such findings, the ALJ properly determined, with the assistance of testimony from a vocational expert, that plaintiff could do his past relevant work.

Moreover, even if the ALJ's analysis at step 4 were found to be deficient, such error is harmless because the ALJ made an alternative step 5 finding that plaintiff could perform other jobs that exist in significant numbers in the national economy.  At step 5, the ALJ posed a hypothetical to the vocational expert which included limitations against driving, to which the ALJ responded that there was a significant number of jobs in the national economy which plaintiff could perform.

## Conclusion

There is substantial evidence in the record to support the ALJ's finding that plaintiff was not disabled as defined by the Social Security Act.  Accordingly,

IT IS ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 30th day of October, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge